F I L E D
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

NOV 25 2024

JEFFREY P. ALLSTEADT, CLERK

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: | Case No. 23-13747 |
| CHIQUITA D. HULL | Chapter 7 |
| Debtor, | Adversary Proceeding No. |
| ADAM G. BRIEF, ACTING UNITED STATES TRUSTEE | 24-320 |
| Plaintiff, | Honorable Donald R. Cassling |
| v. | |
| CHIQUITA D. HULL, Defendant. | |

## DEFENDANTS ANSWER TO COMPLAINT

Defendant, Chiquita D. Hull, respectfully responds to the trustee's Complaint to discharge, denying that any false statements or omissions were made with fraudulent intent. Any inaccuracies or omissions were either unintentional or the result of a poor representation/ lack of full clarity in filing documents. Debtor acted in good faith throughout the bankruptcy process, and fully disclosed all assets and liabilities that debtor was asked about in the original filing. The Debtor is committed to fully cooperating with the trustee and has provided all information including information not requested to the best of their ability. Any inaccuracies or omissions were not intentional and were caused, in part, by mistakes or miscommunications between the debtor and their prior counsel. Specifically:

- **Misrepresentation by Attorney:** The debtor asserts that some of the alleged false statements or omissions may have resulted from misrepresentations or errors made by the debtor's attorney. The debtor hired counsel to assist in the preparation of bankruptcy filings and relied on her attorney's professional expertise. However, the debtor's attorney failed to properly review, explain, or advise the debtor regarding the accuracy and completeness of the bankruptcy schedules and statements. The debtor contends that any errors in the documents were the result of these failures by the attorney, and not deliberate falsehoods or omissions by the debtor.

- **Good Faith Reliance on Counsel:** The debtor further asserts that she reasonably relied on her attorney's advice and guidance in completing the required bankruptcy documents. The debtor did not have the expertise to understand complex legal or financial matters and both trusted her attorneys to ensure that the documents accurately reflected her financial circumstances.

- **Unintentional Errors or Omissions:** Any discrepancies or omissions in the bankruptcy filings were not made with fraudulent intent. The debtor made a good faith effort to cooperate with her attorney and provide all relevant information. Any missing information or errors in the filings were unintentional and arose due to the failure of counsel to adequately request all required documentation, discuss the complexities of the debtors filings as it relates to business she may/may not own, and review the documents before submission.

- **Failure of Attorney to Obtain or Provide Documents:** The debtor asserts that her attorney did not make sufficient efforts to gather, maintain, or submit all required documents to the trustee or the court in a timely manner. The debtor had fully cooperated with her attorney in the disclosure process and provided all requested relevant information to the best of her ability. However, due to the attorney's oversight or failure to properly manage the case, some documents were not provided or requested in original filing. When trustee requested documentation from debtor, all documents were provided to the best of the debtors knowledge and understanding.

**Good Faith Effort to Complete Bankruptcy**

The debtor has made a good faith effort to comply with all bankruptcy requirements. The debtor acknowledges the importance of full and accurate disclosure and intended to cooperate with the trustee and the court. However, the debtor's ability to do so was impeded by the actions and omissions of their attorney.

- **Attorney's Professional Responsibility:** The debtor respectfully submits that any alleged omissions or misstatements in the bankruptcy filings should be viewed in the context of the debtor's reliance on the professional expertise of her attorney. The debtor had no reason to believe that her attorney was not adequately fulfilling their obligations in preparing the case. The debtor is not attempting to deflect blame, but rather to provide an explanation as to why certain documents or disclosures may have been incomplete or inaccurate.

## DEFENDANTS ANSWER TO ALLEGATIONS

1. Debtor disclosed ownership of 2018 BMW as the bank who financed the vehicle is listed on page 27 of original bankruptcy petition. **CAPITAL ONE BANK**
2. Debtor disclosed ownership 2018 Range Rover Sport as the bank who financed the vehicle is listed on page 28 of original petition. **CONNEXUS CREDIT UNION**
3. Debtor purchase of new Peloton bike was not for debtors sole use and was gifted to a relative
4. Debtors purchases of luxury goods all have depreciating value and all goods were not purchased for the debtor. The debtor currently owns no luxury goods of value that can be sold.
5. Debtor does not have any cash on hand and the money received as outlined by trustee in line 133 from friends and their businesses were allocated toward work performed and not given as a gift to hold. All funds covered labor and material for projects. Debtor provided an itemized spreadsheet to trustee outlining where all monies received and withdrawn were allocated to.
6. During Debtors original filings, Debtor was never asked about business dealings. Attorney for debtor never asked if debtor owned any companies. Debtor was only asked about current employment. Upon trustees request debtor provided ALL necessary documentation to the best of her knowledge in additional to more documentation dating past trustees requested date.
7. Debtor only disclosed personal bank account because debtor attorney only asked about personal bank account. Debtor acted in good faith and fully disclosed all information debtor attorney asked for. If debtor attorney would have requested business documents as trustee did, debtor would have provided all documentation to debtors attorney as she did with trustee.
8. Debtor was unaware that she needed to file PPP loan as a source of income. Since this being bought to debtors attention she has made an effort to amend her 2021 taxes to reflect PPP loan. This was an error on the debtors part as she was unaware of how the PPP loan was categorized as it was never explained to her and how all income is classified.
9. Debtor was never asked about gambling losses. When debtor met with attorney, she was given line items to sign and attorney never went over petition in its entirety. Debtor can admit she failed to read what she was signing based on her faith in her legal professional who is held to an Oath of the court.
10. Debtors storage unit was not used to store any property. Debtor was not asked about a storage unit from debtors attorney. Debtors attorney only requested debtor sign required pages. Debtor will admit that she failed to read the petition due to trusting her attorney.

-3-

11. Debtors vacations reflected in statements do not outline luxury as those debits for the vacation destinantions are not large sums of money. Debtor has never been to Amsterdam and that is not reflected on Debtors statements. Debtors trip to Dubai was gifted by friends and any debits reflected in statement will represent a small amounts of money. Debtor did travel to Cabo San Lucas for her best friends wedding and also split the cost reflected with another person. Debtor did visit both Las Vegas and NY however these vacations were not large ticket items. Debtor will admit that funds spent could have been allocated towards debt however the sum of these vacations would not have taken away any of the debtors large amount of debt.

**Request for Relief**

Given the above, the debtor respectfully requests that the court:

- Consider the role of the debtor's attorney in any alleged errors or omissions and take this into account when determining whether the debtor acted with fraudulent intent or in bad faith.
- Review the good faith efforts made by the debtor to comply with the bankruptcy process, despite the shortcomings or misrepresentation by their attorney.
- Dismiss the trustee's complaint to deny discharge under 11 U.S.C. § 727(a)(4) and (a)(5), as the debtor did not act with fraudulent intent and any deficiencies in the filings were due to either unintentional errors or the professional failures of the debtor's counsel.

In conclusion, the debtor submits that any alleged inaccuracies, omissions, or failures in the bankruptcy filings were not the result of fraudulent intent or a willful attempt to deceive. Instead, these issues arose due to the mistakes or miscommunications between the debtor and her attorney. The debtor respectfully requests that the court dismiss the complaint to deny discharge under 11 U.S.C. § 727(a)(4) and (a)(5) and grant the debtor a discharge in this case. If a discharge cannot be granted a withdrawal of petition is requested. Debtor would have never filed bankruptcy petition if Debtor was fully aware that she did not qualify for said petition. Attorney never conducted a proper means test prior to filing debtors petition.

Chiquita D. Hull
1729 E. 86th Street
Chicago, IL 60617
(312) 975-6105
chiquita_hull@yahoo.com
Pro Se

Defendant , Chiquita D. Hull

By: _____